UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL ISA MALDONADO,

        Plaintiff,

vs.                                                  Case No. 3:17-cv-1083-J-39JBT

JACKSONVILLE SHERIFF'S OFFICE, et al.,

        Defendant.
_____

**O R D E R**

Plaintiff, a pretrial detainee at the Duval County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Plaintiff has moved to proceed in forma pauperis (Doc. 2). At this Court's direction, Plaintiff filed an amended complaint on November 2, 2017 (Doc. 6; Amended Complaint). Plaintiff names as defendants The Jacksonville Sheriff's Office (JSO), Sheriff Mike Williams, Correctional Officer J.M. Perkins, and a John Doe. Plaintiff alleges that "several" letters marked "legal mail" were opened and read without a warrant, in violation of the Fourth Amendment and 18 U.S.C. §§ 1702 and 1703. Amended Complaint at 3, 6. Specifically, he asserts that Defendant Perkins "censored [his] legal mail without a warrant or Defendant Mike Williams instructed Defendant John [D]oe to open and censor [his] mail." Alternatively, Plaintiff alleges the JSO has a policy of opening and reading inmate legal mail in the absence of a warrant. Id. at 6. Plaintiff provides as an exhibit to his Amended Complaint copies of four envelopes, which bear a stamp that reads "CENSORED," and a letter from JSO responding to his complaint that a member of the Department engaged in misconduct. See Amended Complaint Ex. (Doc. 6-1). All four envelopes are addressed

to the Clerk of Court and are dated. On two of the envelopes, Plaintiff wrote "legal mail." Id.

Pursuant to this Court's screening obligation under the Prison Litigation Reform Act, a district court shall dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1). The standard to assess a complaint under § 1915A(b)(1) is the same standard applied when ruling on motions to dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Amended Complaint is subject to dismissal under the Court's screening obligations because he has failed to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654

F.3d at 1175. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action. Plaintiff asserts Defendants opened and read his mail without obtaining a warrant to do so, thereby violating the Fourth Amendment and criminal statutes prohibiting obstruction, delay, or destruction of mail. Amended Complaint at 5-6. Plaintiff fails to state a cause of action to the extent he premises his claims on criminal mail tampering statutes. The statutes Plaintiff cites in his Amended Complaint, 18 U.S.C. §§ 1702 and 1703, provide for criminal penalties (fine or imprisonment), not private causes of action. See, e.g., Adams v. Ellis, 197 F.2d 483, 485 (5th Cir. 1952) (recognizing no private right of action is provided under § 1702); Woods v. McGuire, 954 F.2d 388, 391 (6th Cir. 1992) (recognizing no private right of action is provided under § 1703).

With respect to Plaintiff's assertion of a Fourth Amendment violation, pre-trial detainees and prisoners enjoy a lowered expectation of privacy than those who are not incarcerated. See Hudson v. Palmer, 468 U.S. 517, 527-28 (1984) ("[T]he Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell."); Bell v. Wolfish, 441 U.S. 520, 546, 556-57 (1979) (holding the warrantless search of a pretrial detainee's "room" did not violate the Fourth Amendment). While interference with an inmate's legal mail may, in some instances, support a claim brought under the First and Fourteenth Amendments, reading an inmate's mail does not give rise to a claim under the Fourth Amendment. See Denton v. Stokes, 620 F. App'x 712, 714 (11th Cir. 2015) (citing Hudson, 468 U.S. at 526). This Court's

sister court recognized in a factually-similar case that a prisoner failed to state a cause of action under the Fourth Amendment when he alleged that a jail deputy opened his legal mail outside of his presence. See Rix v. Wells, No. 8:08-CV-1728-T-30MAP, 2008 WL 4279661, at *1-2 (M.D. Fla. Sept. 16, 2008) ("To the extent Plaintiff claims Defendants violated his constitutional rights by opening his legal mail, his claim is properly analyzed under the First and Fourteenth Amendments.").

When a court determines that a complaint is subject to dismissal pursuant to its screening function under § 1915A(b)(1), it generally should grant a pro se plaintiff leave to amend "unless a more carefully drafted complaint could not state a claim." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). While Plaintiff has not presently stated a cognizable claim under § 1983, the Court is unable to conclude that he could not potentially state a claim. Thus, the Court will grant him one opportunity to file an amended complaint. If Plaintiff chooses to file an amended complaint, he should keep in mind the following legal parameters. First, the Jacksonville Sheriff's Office is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); accord

4

Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014).

Second, to state an access-to-courts claim under the First and Fourteenth Amendments, a plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded . . . ." Barbour, 471 F.3d at 1225 (citations omitted). The plaintiff must show that an underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on her conviction, or a civil rights action. Lewis, 518 U.S. at 354-57; Cranford v. Nevada Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010). To state a free speech claim under the First and Fourteenth Amendments, a plaintiff must allege more than an isolated incident of tampering with legal mail. Rather, a plaintiff must allege defendants engaged in a "pattern and practice" of opening his legal mail outside of his presence. See Al-Amin v. Smith, 511 F.3d 1317, 1334 (11th Cir. 2008).

In light of the foregoing, Plaintiff's Amended Complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice subject to his right to file an amended complaint including sufficient factual allegations to support a cognizable claim under § 1983.

Therefore, it is now

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. 6) is hereby **DISMISSED WITHOUT PREJUDICE** subject to his right to file an amended complaint.

2. The Clerk shall send Plaintiff a Civil Rights Complaint Form for his use if he elects to file an amended complaint.

3. If Plaintiff elects to file an amended complaint, he must do so no later than **May 15, 2018.** Plaintiff should place this case number on the amended complaint and he should write "Second Amended Complaint" on the top of the form. He should also ensure that he signs the amended complaint and follows the instructions included both in this Order and on the Civil Rights Complaint Form. Failure to do so may result in dismissal of this action. When submitting an amended complaint, Plaintiff should submit a service copy of the complaint for each named defendant. If Plaintiff chooses not to file an amended complaint by **May 15, 2018**, the Court will direct the Clerk to dismiss the case and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 11th day of April, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Samuel Maldonado